IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOHN W. KROAT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-17-2035 |
| | * | |
| PIZZA HUT OF MARYLAND, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Plaintiff John W. Kroat ("Plaintiff" or "Kroat") filed this action against Defendants Pizza Hut of Maryland, Inc., Jack Merrill, and Marty Pridgeon (collectively, "Defendants") alleging failure to properly pay wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401, *et seq.,* and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., § 3-501, *et seq.* ("MWPCL"). (Compl., ECF No. 1.)  On November 13, 2017, Defendants' filed a Motion to Dismiss or in the Alternative Stay and Compel Arbitration (ECF No. 8.) Plaintiff does not dispute that his claims are subject to arbitration. (ECF No. 9-1.) For the reasons set forth in the parties' submissions and briefly summarized herein, Defendants' Motion to Dismiss or in the Alternative Stay and Compel Arbitration (ECF No. 8) is GRANTED. Specifically, the parties will proceed to arbitration and Plaintiff's Complaint is DISMISSED.

1

Defendants filed the pending Motion to Compel Arbitration (ECF No. 8) pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. A party seeking to apply the FAA must demonstrate four elements: "'(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'" *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016) (quoting *Rota–McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 n.6 (4th Cir. 2012)). The standard of review on a Motion to Compel Arbitration pursuant to the FAA is "'akin to the burden on summary judgment.'" *Galloway*, 819 F.3d at 85 (quoting *Chorley Enterprises, Inc. v. Dickey's Barbecue Restaurants, Inc.*, 807 F.3d 553, 564 (4th Cir. 2015)). Therefore, motions to compel arbitration "shall [be] grant[ed] … if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Rose v. New Day Financial, LLC*, 816 F.Supp.2d 245, 251-52 (D. Md. 2011).

During his employment, Kroat entered into an agreement requiring that any employment-related disputes be resolved via binding arbitration. (ECF No. 8-3.) Defendants first argue that this Court should dismiss the Complaint *without* compelling arbitration "[b]ecause Kroat has failed to request arbitration." (ECF No. 8-1 at 4.) However, the emails attached to Plaintiff's Response in Opposition show that the parties engaged in preliminary discussions including Plaintiff's proffer that the parties stipulate that the case should proceed to arbitration. (ECF Nos. 9-2, 9-3.) Further, Defendants subsequently concede that "[e]ach

of the four elements necessary to support an order compelling arbitration pursuant to the FAA is present here." (ECF No. 8-1 at 6.) Defendants alternatively argue that if arbitration is compelled, this Court should stay this case. As explained below, dismissal is still the appropriate remedy when all claims in an action are arbitrable.

The remedies available to a party moving to compel arbitration are limited to a stay or dismissal of the action. In *Hooters v. Am., Inc. v. Phillips,* 173 F.3d 933, 937 (4th Cir. 1999), the United States Court of Appeals for the Fourth Circuit recognized that "[w]hen a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the FAA commands the federal courts to stay any ongoing judicial proceedings, 9 U.S.C. § 3, and to compel arbitration, *id.* § 4." Subsequently, the Fourth Circuit stated that "[n]otwithstanding the terms of [9 U.S.C.] § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001); *see also Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 584 (4th Cir. 2012) (quoting *Choice Hotels* for the proposition that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"). The Fourth Circuit later addressed the apparent tension between *Hooters* and *Choice Hotels*:

> There may be some tension between our decision in *Hooters*—indicating that a stay is required when the arbitration agreement "covers the matter in dispute"—and *Choice Hotels*—sanctioning dismissal "when all of the issues presented . . . are arbitrable." Our sister circuits are divided on whether a district court has discretion to dismiss rather than stay an action subject to arbitration. *Compare Cont'l Cas. Co. v. Am. Nat'l Ins. Co.,* 417 F.3d 727, 732 n. 7 (7th Cir. 2005) ("[T]he proper course of action when a party seeks to invoke an arbitration clause is to *stay* the proceedings pending arbitration rather than to dismiss outright."), *with Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir.1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration."). We need not resolve this disagreement because, even

3

> under *Choice Hotels,* dismissal is not appropriate where, as here, the issues are not all subject to arbitration.

*Aggarao v. MOL Ship Mgt. Co., Ltd.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012). While the Fourth Circuit has yet to "resolve this disagreement," *Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 605 n. 2 (4th Cir. 2013), this Court has recognized that "district courts within the Fourth Circuit have continued to find dismissal appropriate." *Owen v. CBRE, Inc.*, No. PWG-16-773, 2016 WL 7033973, at *1 n. 2 (D. Md. Dec. 2, 2016) (citations omitted); *see also Thomas v. Progressive Leasing,* No. RDB-17-1249, 2017 WL 4805235 (D. Md. Oct. 25, 2017); *Bey v. Midland Credit Mgmt., Inc.*, No. GJH-15-1329, 2016 WL 1226648, at *5 (D. Md. Mar. 23, 2016)); *SC&H Grp., Inc. v. Altus Grp. U.S., Inc.*, No. WMN-16-1037, 2016 WL 3743055, at *4 (D. Md. July 13, 2016).

Given that Plaintiff agreed to arbitrate any employment-related disputes, all of the present claims are arbitrable and dismissal is appropriate. Accordingly, IT IS HEREBY ORDERED this 27th day of February, 2018, that Defendants' Motion to Dismiss or in the Alternative Stay and Compel Arbitration (ECF No. 8) is GRANTED, the parties will proceed to arbitration, and Plaintiff's Complaint is DISMISSED; and it is FURTHER HEREBY ORDERED that the Clerk of this Court is instructed to CLOSE THIS CASE.

\_\_\_\_\_/s/_____

Richard D. Bennett
United States District Judge